Pino, J.
This is an action in which the plaintiff seeks to recover damages as a result of (1) the negligence of the defendant, American Automobile Association (A. A. A.), in dispatching the defendant, Able Towing and Auto Removal Service (Able), to tow the plaintiff’s automobile, (2) breach of contract and (3) violations of Massachusetts General Laws, Chapter 93A.
The defendant, A.A.A., denied all the allegations and further stated that it was not liable for the wrongful conduct, if any, of the defendant Able. A. A. A. alleged that Able is an independent contractor and not an agent of A. A. A.
Able moved for Summary Judgment alleging an accord and satisfaction because the plaintiff had accepted a check from the insurer of Able.
A. A. A. moved for Summary Judgment alleging there was the accord and satisfaction of the plaintiff’s claim as a result of the acceptance of said check.
Following a hearing, at the request of each of the defendants, .the court denied the motion of Able and allowed the motion of the defendant, A. A. A.
The plaintiff alleges error in relation to the allowance of the Motion for Summary Judgment filed by the defendant, A. A. A.
Based upon the report, we agree.
Rule 56 of the Mass. Rules of Civil Procedure provides for summary judgment when there is “no genuine issue of material fact.” The burden of proof that there is no such issue rests upon the moving party.
All that is brought before this court is the report which has been substantially set forth in this opinion and a “Memorandum in Support of Motion for Summary Judgment” filed by the defendant, A.A. A.
The court denied the motion for summary judgment filed by the defendant Able. This leaves Able to its proof on the issue of accord and satisfaction. If this raised a genuine issue of fact between the plaintiff and Able, it certainly must result in the same end in the plaintiffs claim against A.A.A., if, in fact, there is a principal-agent relationship between the two defendants.
The memorandum addresses itself to the issue of accord and satisfaction. It offers no evidence upon the issue of agency or the existence of an independent contractor. Therefore, this issue is still open for trial.
*55 Accordingly, the allowance of motion for summary judgment of A.A. A. is vacated and the motion is hereby denied.

Report allowed.